Tel:(212)995-2074    **EMILY R. DANIEL**    edaniel123@yahoo.com
**Attorney at Law**
69 West 9th Street, Suite 6J
New York, N.Y. 10011

September 23, 2010

**VIA ELECTRONIC FILING**
Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: USA v. Michael Catapano, et al., 08 Cr. 240 (S-4)(BMC)

Dear Judge Cogan:

    I am the attorney assigned to represent the defendant Michael Catapano in the above-referenced case.  Please accept this letter as a reply to the government's sentencing letter dated September 17, 2010.  Mr. Catapano is scheduled to be sentenced before this Court on September 30, 2010 at 3:00 p.m.

    In asking for a sentence at the high end of the guidelines range, the government characterizes as 18 U.S.C. § 3553 material charges to which Mr. Catapanpo did not plead guilty.  As Mr. Catapano did not plead guilty to a Racketeering offense, this Court should not include in its guidelines calculation charges to which Mr. Catapano did not plead guilty and moreover, should not use these assertions to determine where within the guideline range Mr. Catapano falls (see below)[1].  The government states that

---

[1] It bears noting that in sentencing defendant Orlando Spado (obviously the prime narcotics dealer in this case), this Court did not appear to enhance Mr. Spado's sentence for a charge to which he did not plead guilty.  On the two charges to which he did plead guilty, this Court recently sentenced Mr. Spado to a mandatory five years for gun possession and 60 days consecutive for a robbery charge.  Similarly, Mr. Catapano's sentence should not be enhanced for charges to which he did not plead guilty, nor should he (a first time offender) receive a sentence at the high end of whatever guideline range the Court deems applicable.

1

it will address under separate cover the sole actual guidelines issue in this case which is the applicable narcotics weight for sentencing purposes. As was shown in my earlier submission, the marijuana offense is clearly not relevant conduct and as with the Beauty by Andre extortion (to which Mr. Catapano did not plead guilty), assertions as to these charges should thus not be considered by the Court. Similarly, this Court should not consider an alleged witness tampering for which Mr. Catapano was never charged and for which there is nothing other than a brief transcribed excerpt along with the government's self-serving representations as to what transpired (similar to government representations contained in the PSR about an alleged $125,000 loss in the Cujini Due extortion, which the government failed to substantiate after Mr. Catapano requested documentary evidence which would reflect that there was no financial loss)[2].

    As it is may not be clear from the government's submission, it must be noted that Mr. Catapano did not stipulate that the narcotics offense was in furtherance of any enterprise. In the Plea Agreement, the government stipulated that a four level minimal role decrease was appropriate for this offense. With respect to the two extortions to which he plead guilty, Mr. Catapano stipulated to three point role increases, which is one point in excess of what the PSR deemed an appropriate role enhancement. Mr. Catapano does not challenge the stipulations in the Plea Agreement. The Court should take into consideration, however, the fact that Mr. Catapano has already agreed to the highest guideline level for the extortions and as such, the Court should reject the government's position that Mr. Catapano also needs to be sentenced to the high end of the applicable guideline range because of "the nature of the crimes to which he plead guilty".

    In another attempt to increase Mr. Catapano's sentence, the government without providing a name or any other identifying information cites Judge Weinstein's sentence of a Colombo family captain to ten years

---

[2] The September 20, 2010 PSR addendum now acknowledges that there is no basis for a loss enhancement on the Cujini Due extortion as the government advises that it cannot prove beyond a preponderance of the evidence that the Franzella brothers suffered a loss of more than $10.000. (or any financial loss at all for that matter).

2

incarceration in July of 2009.  The government conveniently neglects to mention that this individual, Michael Uvino, went to trial (thereby losing a three point reduction for Acceptance of Responsibility and losing the benefit of any role reduction points in the Plea Agreement, as is the case here) and that Mr. Uvino was convicted of an absolutely brutal assault which was captured on a tape-recording made by Gaetano Fatato (Mr. Fatato, whose credibility is central to the narcotics weight issue in this case, was present during and participated in the beating, while he was working for the government).  In its submission to the Court, the government noted that the victims of the beating "screamed in pain and begged for their lives".

     By contrast, Mr. Catapano accepted a guilty plea early in the case (the third defendant in this case to do so), even though the two defendants who were to plead guilty alongside him failed to do so.  It also bears noting that during the Uvino trial, Mr. Fatato's extraordinarily violent and lengthy criminal career was revealed, including the revelation that Mr. Fatato was involved in a murder for which he was never charged.  This Court may confer with Judge Weinstein, who described Mr. Fatato as one of the most dishonest witnesses he had ever encountered.

     In a last ditch effort to malign Mr. Catapano, the government argues that his observation of one day of trial testimony reflects Mr. Catapano's continuing "dedication" to the Colombo family.  This is an absolutely meaningless assertion.  As can be verified by Pre-trial Services, at my request Mr. Catapano accompanied me to one day of the trial since I wished that he and I might observe some of the testimony of cooperating witnesses John Franzese, Jr. and/or Gaetano Fatato (who the government chose not to produce at trial), both of whom would be potential witnesses against Mr. Catapano at a Fatico hearing (the government has advised that it will produce no witnesses at any sentencing hearing).  I note that pursuant to the conditions of Pre-trial supervision, Mr. Catapano would not be allowed to appear at any proceedings without his attorney present and that he would be required to receive prior permission (which he received from Pre-trial Services) to appear at the trial.  As such, the Court should summarily ignore this laughable attempt at connecting Mr. Catapano (who has not violated his bail conditions in any way, shape or form) to a continuing loyalty to the Colombo family.

   Based on previous submissions and on the above, I request that the Court find that the applicable sentencing level of the narcotics for sentencing purposes is at most a level 26 (from which four points should be deducted for minimal role, as is provided in the Plea Agreement) and that the Court sentence Mr. Catapano to the low end of whatever guideline range the Court deems applicable.

   I thank the Court for its time and consideration.

                              Respectfully submitted,


                              Emily R. Daniel, Esq.


cc: AUSA Elizabeth Geddes/AUSA James Gatta
    Probation Officer Amrita Ashok