Tel:(212)995-2074    **EMILY R. DANIEL**    edaniel123@yahoo.com
                       **Attorney at Law**
                  69 West 9th Street, Suite 6J
                      New York, N.Y. 10011


                                        September 28, 2010


**VIA ELECTRONIC FILING**
Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201


Re: USA v. Michael Catapano, et al., 08 Cr. 240 (S-4)(BMC)


Dear Judge Cogan:

    I am the attorney assigned to represent the defendant Michael Catapano in the above-referenced case.  Please accept this letter as a reply to the government's sentencing letter dated September 23, 2010.  Mr. Catapano is scheduled to be sentenced before this Court on September 30, 2010 at 3:00 p.m.

    In citing transcribed excerpts in its letter, the government argues that Michael Catapano (who it acknowledges was a minimal participant) conspired in a transaction which he knew to involve fifty kilograms of cocaine.  The government argues that the incredibly minimal payment which Catapano was to receive is evidence not of his belief in a limited transaction but rather, merely evidence of Catapano's limited role in the offense.  The Court should reject this argument as it defies reason that an individual who the government otherwise alleges to be an inducted member and captain in a crime family would receive the paltry sum of $10,000 for a 50 kilogram transaction (with a potential for millions of dollars of profit), no matter how minimally involved.  Rather, what the excerpts reflect is that Gaetano Fatato, who does practically all the talking, throws around all sorts of inconsistent numbers in an attempt to increase the scope of the deal and

1

Mr. Catapano's sentencing exposure. See United States v. Ekwunoh, 813 F. Supp. 168, 179 (E.D.N.Y. 1993).[1]

In again addressing the incredibly low payment for an allegedly 50 kilogram transaction, the government argues that Mr. Catapano agreed to such a minimal payment because he was not required to touch the narcotics. This argument, of course, ignores the fact that no one was to touch any narcotics as there was no actual transaction and no narcotics to touch since Fatato, a government agent, is essentially creating the narcotics deal out of whole cloth. More importantly, the excerpts reflect that Mr. Catapano himself never mentions any quantity of narcotics nor does he ever consent to any specific amount of narcotics. It is solely Gaetano Fatato, the government agent, who mentions numbers and weights. Moreover, the excerpts reflect that Mr. Catapano's role in the offense is in no way dependent on a particular quantity of narcotics as he is only to receive extremely limited monies at the home of his sister, a role which Mr. Catapano's sentence should reflect.[2]

In yet another attempt to inflate the quantity of the narcotics, the government asserts that "**if** Catapano and Fatato assumed a larger role, they would be entitled to significantly higher proceeds"[3]. Even if such could be

---

[1] Within one conversation, Fatato refers at one point to two million dollars while in the same conversation he refers to $12,000 per kilogram (which would be $600,000 for 50 kilograms) up to as high as $24,000 per kilogram (which would be 1.2 million dollars for fifty kilograms). Michael Catapano, by contrast, refers to no narcotics quantities, and acknowledges only a $25,000 payment to be split between him, Fatato, and Sonny Franzese (who was to receive $5,000 for an alleged 50 kilogram transaction which could result in a several million dollar profit).

[2] A defendant's minimal role in a narcotic offense may be used by a Court as an integral part of determining the appropriate narcotics quantity for sentencing purposes. See United States v Perrone, 936 F.2d 1403, 1410 (2d Cir. 1991) (citations omitted); United States v. Molina, 541 F. Supp. 2d 530, 534 (E.D.N.Y 2008); United States v. Ekwunoh, 813 F. Supp. 168, 175 (E.D.N.Y. 1993). This Court should also note that if Mr. Catapano, the most minimal participant in the transaction, were to be sentenced for a conspiracy involving 50 kilograms of cocaine, he would be the sole party to bear such enormous liability for a transaction (which never even occurred). See 18 U.S.C. § 3553(6).

[3] As the excerpts also reflect, it is Gaetano Fatato, a governmental agent with whom Catapano cannot conspire, who introduces the possibility of future deals, no doubt in another attempt to increase Mr. Catapano's sentencing exposure. United States v. Carlton, 442 F.3d 802, 811 (2d. Cir. 2006); United States v. Jones, 393 F.3d 107, 111 (2d

2

gleaned from the excerpts, the government's argument should be rejected because "where an agreement is conditioned or dependent on a future event, an agreement (for purpose of conspiracy law) is not established". See United States v. Iennaco, 893 F.2d 394, 398 (D.C. Cir. 1990); United States v. Melchor-Lopez, 627 F.2d 886, 891 (9th Cir. 1980) (defendant conditioned his commitment on advanced payment and the transaction did not occur): see also United States v. Sharif, 817 F.2d 1375, 1378 (9th Cir. 1987).

    In sum, since at best the excerpts reflect Mr. Catapano's actual agreement to a one time transaction involving receiving monies at his sister's house for which Catapano was to be paid $10,000, based on previous submissions and on the above, I request that the Court find that the applicable sentencing level of the narcotics for sentencing purposes is at most a level 26 (from which four points should be deducted for minimal role, as is provided in the Plea Agreement) and that the Court sentence Mr. Catapano to the low end of whatever guideline range the Court deems applicable.

    I thank the Court for its time and consideration.

                                     Respectfully submitted,


                                     Emily R. Daniel, Esq.


cc: AUSA Elizabeth Geddes/AUSA James Gatta
    Probation Officer Amrita Ashok

---

Cir. 2004); United States v. Andrades, 169 F.3d 131 (2d Cir. 1999); see also United States v. McGowan, 58 F.3d 8 (2d Cir. 1995).