Tel:(212)995-2074        **EMILY R. DANIEL**     edaniel123@yahoo.com
                          **Attorney at Law**
                   69 West 9th Street, Suite 6J
                        New York, N.Y. 10011


                                        October 22, 2010


**VIA ELECTRONIC FILING**
Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201


Re: USA v. Michael Catapano, et al., 08 Cr. 240 (S-4)(BMC)


Dear Judge Cogan:

    I am the attorney assigned to represent the defendant Michael Catapano in the above-referenced case.  Please accept this letter as a request for the Court to direct the government to provide additional discovery in advance of the sentencing hearing scheduled to take place on November 4, 2010 at 10:00 a.m.

    In its October 7, 2010 letter, the government states that Agent D'Agostino will testify at the sentencing hearing with respect to Michael Catapano's alleged involvement in: 1) a conspiracy to obstruct justice by tampering with a witness (uncharged); 2) a conspiracy to distribute marijuana; and 3) a conspiracy to extort Beauty by Andre.  The government notes that Agent D'Agostino's testimony will be based on his interpretation of recordings made by cooperating witnesses [Gaetano Fatato and John Franzese, Jr.] as well as based on conversations which were allegedly relayed to Agent D'Agostino but which were not recorded (as its letter notes, for example, "Although CW-2 was equipped with a recoding device with Catapano, the meeting was not recorded").

    As was made clear in his testimony in the trial of this matter and at the Uvino trial, Agent D'Agostino would have created FBI 302s with respect to the substance of each

1

and every tape recorded conversation made by cooperating witnesses as well as with respect to conversations which were relayed to the agent but not recorded. As such, this Court should direct the government to provide substantially in advance of the hearing any and all FBI 302s relating to any and all tape recordings and unrecorded conversations created with respect to the three assertions mentioned above. The FBI 302s clearly relate to the substance of Agent D'Agostino's proposed testimony and this material has never been provided to the defense. Moreover, this Court should direct the government to provide all FBI 302s (as well as any prior testimony of Agent D'Agostino, if such exists) relating to any tape recordings or unrecorded conversations, regardless of which excerpted conversations the government selectively chooses to use at the hearing (a review of the tape recordings makes clear that there are relevant recordings which the government has not chosen to attach as exhibits to its October 7, 2007 letter brief).

    I thank the Court for its time and consideration.

                                   Respectfully submitted,

                                   Emily R. Daniel, Esq.

cc: AUSA Elizabeth Geddes